IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GARY LOBATON, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| | ) | No. 12-cv-598 |
| v. | ) ) | |
| | ) | Judge Sharon Johnson Coleman |
| CARNIVAL CORPORATION, a corporation of the Republic of Panama; CARNIVAL PLC, a corporation of the United Kingdom; COSTA CROCIERE, S.p.A., a corporation of the Republic of Italy; and JOHN DOES 1-10, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's complaint alleges that he was injured while working as a crew member of a

cruise ship that ran aground and capsized off the coast of Italy. Defendants seek dismissal of the

complaint on *forum non conveniens* grounds. For the reasons that follow, defendants' motion to

dismiss [25] is granted.

Background

Plaintiff alleges that he was working as a crew member on the Costa Concordia cruise

liner when it ran aground and capsized off the coast of Italy in January 2012. He claims that the

ship's captain operated the vessel recklessly, delayed the evacuation process, and failed to ensure

that that process was conducted safely. Plaintiff also alleges that defendants contributed to the

accident by pressuring the captain to sail dangerously close to shore for publicity purposes.

Plaintiff contends that he was injured in the ship's accident and he seeks to represent a class of

similarly situated plaintiffs.

Plaintiff's complaint asserts that he is a resident of Peru. The complaint further claims that Carnival Corporation is a corporation of the Republic of Panama; that Carnival PLC is a corporation of the United Kingdom; and that Costa Crociere, S.p.A. is a corporation of the Republic of Italy. Plaintiff invokes this court's subject matter jurisdiction under 28 U.S.C. § 1332(d).

Analysis

Defendants contend that Italy is the appropriate location for plaintiff's action, and they move to dismiss this action in accordance with the *forum non conveniens* doctrine. That doctrine allows this court to dismiss a suit over which it would normally have jurisdiction "if it best serves the convenience of the parties and the ends of justice." *In re Bridgestone/Firestone, Inc.,* 420 F.3d 702, 703 (7th Cir. 2005), quoting *Kamel v. Hill-Rom Co., Inc.,* 108 F.3d 799, 802 (7th Cir. 1997).

In resolving the forum propriety issue, this court must determine whether an alternative forum is both available and adequate. *Kamel,* 108 F.3d at 802. A proposed alternative forum is available if the defendants are amenable to process and within the forum's jurisdiction. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n. 22 (1981). In this case, defendants have stipulated that if plaintiff's action is refiled in Italy within 120 days of dismissal here, they will: (1) accept service and submit to the jurisdiction of Italian civil courts; (2) submit to requests by those courts for production of witnesses and documents; (3) agree to the tolling of limitations periods; and (4) respect any post-appeal final judgment of those courts. Such stipulations satisfy the availability element of the alternative forum analysis. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1330 (11th Cir.

2011).  The court accordingly finds that the proposed Italian forum is available for purposes of

*forum non conveniens* analysis.

A forum is adequate if the parties will not be deprived of all remedies or treated unfairly.

*In re Bridgestone,* 420 F.3d at 704.  Plaintiff asserts that Italian courts provide an inadequate

forum for his claims because as a worker on the Costa Concordia, he cannot avail himself of

class action procedures that would be available for his action in this court or for passengers in an

Italian court.  However, an alternative forum may be considered adequate even if it does not

provide the same range of remedies as the plaintiff's chosen forum as long as it provides some

potential avenue for redress.  *Kamel,* 108 F.3d at 803.  An alternative forum is not considered

inadequate merely because of the absence of class action procedures for the plaintiff's action.  *In*

*re Banco Santander Securities-Optimal Litigation,* 732 F. Supp. 2d 1305, 1334 (S.D. Fla. 2010);

*Gilstrap v. Radianz Ltd.,* 443 F. Supp. 2d 474, 482 (S.D.N.Y. 2006). Italian courts have been

held to provide an adequate forum for claims similar to those asserted by plaintiff despite the

absence of class action procedures.  *Giglio Sub s.n.c. v. Carnival Corp.,* 2012 WL 4477504 at

*12-13 (S.D. Fla. Sept. 26, 2012).  This court concurs in that assessment and concludes that

Italian courts provide an alternative forum for plaintiff's claims that is both available and

adequate.

Upon determining that an adequate alternative forum exists, this court must next consider

whether a *forum non conveniens* dismissal would serve the private interests of the parties and the

public interests of the alternative forums.  *Stroitelstvo Bulgaria Ltd. v. Bulgarian-American*

*Enterprise Fund,* 589 F.3d 417, 424 (7th Cir. 2009).  The private interest factors to be considered

include "the relative ease of access to sources of proof; availability of compulsory process for

attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of

view of premises, if view would be appropriate to the action; and all other practical problems that

make trial of a case easy, expeditious and inexpensive." *In re Bridgestone,* 420 F.3d at 704,

quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947). Among the public interest factors

are "the administrative difficulties stemming from court congestion; the local interest in having

localized disputes decided at home; the interest in having the trial of a diversity case in a forum

that is at home with the law that must govern the action; the avoidance of unnecessary problems

in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens

in an unrelated forum with jury duty." *Kamel v. Hill-Rom Co., Inc.,* 108 F.3d at 803.

In the present case, it is undisputed that the Costa Concordia was built and registered in

Italy, that the point of departure and the intended concluding point of its journey were both in

Italy, and that the ship did not enter United States waters at any time. The defendants have

presented evidence that the ship's captain and officers were employed by Costa Crociere in Italy,

and that they remain in that country along with the ship's data records. The evidence before this

court also indicates that the incident is currently under investigation by Italian criminal

prosecutors.

Plaintiff argues in response to defendants' motion that the most significant evidence in

this matter will focus on the culpability of defendant Carnival Corporation, an entity whose

principal place of business is in Florida and whose management is shared with Costa Crociere's

parent, Carnival PLC. However, plaintiff's complaint is not so narrowly focused; it explicitly

and repeatedly calls into question the conduct of Costa Concordia's captain. Plaintiff does not

contend that any evidence relevant to his claim is located within the Northern District of Illinois;

nor does he claim any link to this locale. The court finds that the location of likely evidence strongly favors the choice of Italy as the forum for plaintiff's action.

The court further concludes that the relevant public interest factors also weigh heavily in favor of an Italian forum. The Costa Concordia's accident occurred in Italian waters. The ship's captain and the company that employed both him and plaintiff are Italian. No evidence suggests any contact between this jurisdiction and the plaintiff, his employer, the ship's captain, or any of the ship's journeys. The court finds that Italy's multiple specific contacts with the parties and occurrences at issue create an interest in the present claim that significantly outweighs this forum's interest in oversight of the wholly foreign activities of entities registered to do business here.

Conclusion

For the foregoing reasons, the court finds that Italian courts are an available and adequate forum for plaintiff's claims, and that the private and public interests in this matter strongly favor dismissal in favor of that forum. Defendant's motion to dismiss is granted. Civil case terminated.

So ordered.

September 11, 2013

_____
Sharon Johnson Coleman
District Judge